IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. RAMIREZ,<br><br>            Plaintiff,<br><br>    v.<br><br>JESSICA MORRELL, et al.,<br><br>            Defendants. | No.  2:20-CV-0613-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint. See ECF No. 6.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, Carlos A. Ramirez, is an inmate at Stanton Correctional Facility. Plaintiff names the following defendants: (1) Jessica Morrell, District Attorney at Solano Superior Court, (2) K. Sansoe, District Attorney at Solano Superior Court, and (3) Solano County District Attorney's office.

Plaintiff alleges that defendants violated his Fourth Amendment right to be free of searches by illegally recording him for three months. Plaintiff claims that Vacaville Police Officer Lopez, who is not named as a defendant, came into his mother's home and installed cameras, smartphones, and microphones for recordings. Plaintiff also alleges that Officer Lopez and Cari Lynn Tapiz Cvetkovich[1], who is also not named as a defendant, searched his mother's home to write down phone numbers and addresses. Plaintiff claims that Lopez and Cvetkovich used the captured data to fabricate felony charges against him. Plaintiff also alleges that an unidentified person in a white van entered his mother's home without permission.

Plaintiff claims that defendants violated his Fifth Amendment right to be free of double jeopardy by charging him with the same felonies twice.  Plaintiff also alleges that defendants violated his Eighth Amendment right to be free of cruel and unusual punishment by tampering with evidence and his Fourth Amendment right to be free of seizures by falsely imprisoning him. Plaintiff alleges that defendant Morrell permitted Officer Lopez to falsely testify at plaintiff's trial and allowed Officer Lopez and Cvetkovich to engage in illegal activities.

---

[1] Plaintiff does not clearly define Cari Lynn Tapiz Cvetkovich's role in the alleged events. He refers to Cvetkovich as both a police officer assigned to a previous case of plaintiff's and an alleged victim of one of plaintiff's previous crimes. Plaintiff also alleges that Cvetokovich worked for six unknown federal agents against plaintiff in an unknown capacity.

Plaintiff also alleges that Penal Code § 108 and § 167 should have precluded Officer Lopez from testifying in his case.[2] Plaintiff claims that defendants refused to allow him to testify in his case. Plaintiff alleges he suffered false imprisonment, general pain and suffering, and loss of time with his children as a result of defendants' actions.

Plaintiff also claims that defendant Morrell violated his Sixth and Fourteenth Amendment rights as well as other unnamed constitutional rights by blocking plaintiff's access to the court system. Plaintiff once again alleges that Morrell intentionally permitted Officer Lopez to lie during plaintiff's trial and violated Brady rules and Pitchess motions. Plaintiff claims he asked his public defender to file Brady rule violations and Pitchess motions against defendant Morrell, but the public defender declined to do so. Plaintiff also alleges that defendant Morrell falsely asserted that plaintiff was incompetent to stand trial so that plaintiff could not have his charges dropped. Plaintiff also alleges that his public defender, who is not named as a defendant in this lawsuit, attempted to mislead plaintiff by submitting false lawsuit forms to "get away with what he was doing." See ECF No. 6, p. 7. Plaintiff claims that the public defender's actions were a violation of his First Amendment rights.

Plaintiff also alleges that defendants violated his Sixth Amendment right to a speedy trial. Plaintiff claims that he requested a speedy trial from the court on December 23, 2019. Plaintiff alleges that his March 9, 2020 trial date did not happen because he was falsely deemed to be incompetent to stand trial. Plaintiff also claims that defendants had a mental health worker fabricate a report to get plaintiff deemed incompetent to stand trial, and that the judge did not have the right to say that plaintiff was incompetent to stand trial. Plaintiff alleges that the District Attorney's office is putting defendant Sansoe in jeopardy by allowing defendant Morrell to sit with her at the prosecutor's table, and that defendant Morrell is entirely in control of courtroom proceedings.

///

---

[2] California Penal Code § 108 was repealed by statute in 1941 and imposed liability on wardens who allowed prisoners to escape. California Penal Code § 167 prohibits recording or listening to jury deliberations.

## II. DISCUSSION

The Court finds that plaintiff's complaint fails in two respects. First, defendants Morrell and Sansoe have absolute prosecutorial immunity for § 1983 claims arising from actions undertaken in their official capacity as advocates. Second, § 1983 is not the appropriate vehicle of relief for plaintiff's Fourth, Fifth, Sixth, and Eighth Amendment claims because they necessarily challenge the nature of his confinement.

### A. Plaintiff's Claims Against Morrell and Sansoe

Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997).

Here, Morrell and Sansoe are both district attorneys at the Solano County Superior Court. As such, plaintiff cannot establish a cognizable § 1983 claim against defendants because they have absolute prosecutorial immunity from such actions. Defendants' decisions regarding witnesses and plaintiff's competency to stand trial are pursuant to their roles as advocates for the state. Because defendants have immunity from actions taken in this capacity, § 1983 is not applicable. Alternatively, even if defendants' alleged actions could be construed as misconduct extending beyond their official roles as state advocates, a petition for writ of habeas corpus would be the more appropriate vehicle for relief, as discussed below.

### B. Plaintiff's First, Fourth, Fifth, Sixth, and Eighth Amendment Claims

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief

alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

        In the instant case, § 1983 is not the appropriate vehicle for relief for plaintiff's claims. Plaintiff's allegations question the fairness of plaintiff's criminal trial and thus necessarily challenge the nature of his confinement. As a result, a petition for writ of habeas corpus is the more proper form of obtaining federal relief. Since plaintiff cannot successfully establish a cognizable § 1983 claim arising from the alleged events, granting leave to amend would be futile.

///
///
///
///
///
///
///
///

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's action be dismissed in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 18, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE